# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1569V
Filed: August 11, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
GLENDA IVY,                              *
                                         *
              Petitioner,                *
v.                                       *
                                         *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                      *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                      *
                                         *
              Respondent.                *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Howard Gold, Gold Law Firm, LLC, Wellesley Hills, MA 02481, for petitioner.*
*Robert Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 23, 2015, Glenda Ivy ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") caused-in-fact by the influenza vaccination she received on December 27, 2012. Petition at 1.

The petition was filed without the relevant medical records due to the impending expiration of the Vaccine Act's statute of limitations. *See* § 16(a)(2) (requiring petitioner to file her petition within 36 months of the first symptom or manifestation of onset of her GBS). On May 19, 2015, petitioner filed medical records in this case. *See* Exhibits 1-5

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(ECF No. 13). The same day, petitioner's counsel contacted the court regarding options for exiting the Vaccine Program. *See* Informal Remark, dated May 19, 2015.

On May 23, 2016, petitioner moved for a decision dismissing her petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation. (ECF No. 15). The undersigned issued a decision dismissing petitioner's claim. (ECF No. 16).

On July 19, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 19). Petitioner requests attorneys' fees and costs in the amount of $6,215.50. *Id.* at ¶ 4. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at ¶ 3.

On August 5, 2016, respondent filed a response stating respondent has no objection to petitioner's motion. (ECF No. 20). Respondent adds, however, that her "lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $6,215.50[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Howard Gold.** As is the normal practice, the award for attorney's fees and costs shall be forwarded to Gold Law Firm, LLC, 83 Walnut Street, Suite 150, Wellesley Hills, MA 02481 which is the address of record.

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.